IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **James Ethridge,** ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | Case No. 3:13-cv-00372 |
| ) | |
| v. ) | Judge Campbell |
| ) | |
| **TransCanada USA Services, Inc.,** ) | Magistrate Judge Knowles |
| ) | |
| Defendant/Counter-Plaintiff. ) | JURY REQUESTED |
| ) | |

[Handwritten annotation: Granted. Upon the case management order entered this autumn, DENIED as moot.]

## DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO BIFURCATE AND STAY DISCOVERY

Defendant TransCanada USA Services, Inc. ("TC USA") respectfully requests the Court bifurcate and stay discovery on Plaintiff's claims so the Court can first decide whether Plaintiff waived his claims by executing a valid release. Bifurcating and staying discovery would promote convenience and judicial efficiency by potentially obviating the need to conduct discovery on claims that could be moot after the Court decides the threshold waiver issue.

First, the Court should determine whether a severance agreement ("Agreement") signed by the Plaintiff constitutes a valid and enforceable waiver of his claims under the ADEA as amended by the Older Workers' Benefits Protection Act ("OWBPA"). TC USA proposes that the Court stay discovery on Plaintiff's ADEA claims and TC USA's breach of contract/unjust enrichment counterclaims and limit the first phase to discovery and dispositive motions on the waiver issue alone. Resolution of this threshold issue will require significantly less discovery than Plaintiff's substantive claims. Given that the waiver issue is potentially dispositive of Plaintiff's substantive ADEA claims, bifurcation also could potentially save the Court and the parties' time and expense of litigating the Plaintiff's substantive issues. In support of this